IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES D.,[1]

    Plaintiff,

 v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 6:18-cv-01110-MC

OPINION AND ORDER

**MCSHANE, Judge:**

   Plaintiff James D. alleges that the attorney who successfully represented him in a supplemental security income proceeding was awarded an excessive attorney fee award. Pl.'s Compl. 3, ECF No. 1.[2] Defendant, the Commissioner of Social Security, moves to dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6), alleging that this Court lacks jurisdiction to review a fee award under the Social Security Act, 42 U.S.C. § 406(a). Def.'s Mot. 1–2, ECF No. 16. Because this Court lacks jurisdiction to review Plaintiff's claim, Defendant's Motion to Dismiss, ECF No. 16, is GRANTED, and Plaintiff's Complaint, ECF No. 1, is dismissed with prejudice.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.
[2] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – OPINION AND ORDER

## **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## **DISCUSSION**

42 U.S.C. § 406(a)(2)(A) provides that where a claimant is successful in a past-due benefits claim, the Commissioner will approve a fee agreement between the claimant and another person if it is presented in writing and does not exceed a certain amount 25 percent of the total amount of past-due benefits or $4,000.00. The Commissioner shall provide for review of the fee amount upon the request of the claimant, administrative law judge ("ALJ") or other deciding adjudicator, or representative. § 406(a)(3)(A). Upon completion of review of a § 406(a) fee, the ALJ or other reviewer shall affirm or modify the maximum fee amount, and that decision "shall

not be subject to further review." 42 U.S.C. § 406(a)(3)(c). Likewise, 20 C.F.R. § 404.1720(d) states that the Social Security Administration will review a fee decision if a claimant or his representative timely files a written request for review, but that determination "is not subject to further review. *Id.* 42 U.S.C. § 405(g) gives federal courts jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . ." It does not give this Court jurisdiction to review the amount of a § 406(a) fee.

Plaintiff concedes that the Commissioner's "final decision" regarding the affirmation of a fee agreement is unreviewable but argues that the law is unconstitutional and violates his due process rights. Pl.'s Resp. 2 and 4, ECF No. 21. Plaintiff also argues that the Social Security Administration denied him due process by internally reviewing his attorney fee appeal and failing to consider the relevant factors. Pl.'s Resp. 2–3. The ALJ reviewed the record and Plaintiff's attorney's response and affirmed the fee agreement without explanation. *Id.* at 3. Plaintiff did not receive a copy of his attorney's response, an invoice of his work on the case, or notice of the amount he requested ($5,579.00). *Id.* Plaintiff did not raise these claims in his Complaint and would be unable to sufficiently do so if given leave to amend. *See* Pl.'s Compl. 3.

The Due Process Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that no person may be deprived of life, liberty, or property without due process of law. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal citations and quotations omitted). Due process rights are flexible, depending largely on the specific factual circumstances along with a weighing of the governmental and private interests involved. *Id.* at 334 (internal citations

omitted); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (due process tolerates variances in procedure "appropriate to the nature of the case."). Each setting invites its own assessment under *Matthews*. Generally, persons holding interests protected by the due process clause are entitled to "some kind of hearing." *Wolff v. McDonnell*, 418 U.S. 539, 557–58 (1974) (citations omitted). Such a hearing does not include the full range of rights and protections available to litigants in judicial proceedings. Henry J. Friendly, *Some Kind of Hearing*, 123 U. PA. L. Rev. 1267, 1277–78 (1975). Courts look at three factors when considering the sufficiency of the administrative procedures provided:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S at 335.

Here, the ALJ approved Plaintiff and his attorney's fee agreement on the same date that he determined Plaintiff had been disabled. Def.'s Mot. 2 (citing Pl.'s Compl. 15). Plaintiff objected to the amount and an ALJ reviewed the decision approving the fee agreement, concluding that it was appropriate. Def.'s Mot. 2 (citing Pl.'s Compl. 3 and 14). Plaintiff's private interest will be affected by the approval of the fee award. There is, however, little risk of an erroneous deprivation of Plaintiff's interest where Plaintiff himself entered into the fee agreement and two ALJs reviewed it on two separate occasions per the applicable statutory and regulatory provisions. Even if additional or substitute procedural safeguards were employed, the fee award was within the limit prescribed by § 406(a)(2)(A)(ii). *See* Pl.'s Resp. 4 (conceding that Plaintiff's attorney initially charged him 98.3% of the maximum allowable fee, though he sent an

additional bill for a total exceeding the maximum). Finally, the Commissioner has an interest in efficient review of fee agreement approvals. The Court is not inclined to require the Commissioner to provide a written opinion or administrative hearing with procedural safeguards such as cross examination, live testimony, a public record, and findings of fact prepared by a tribunal. Doing so would impose a significant burden on the Social Security Administration. Additionally, Plaintiff does not have a constitutional right to judicial review of the approval and subsequent affirmation of his fee agreement with his attorney.

Because Plaintiff cannot properly allege facts sufficient to state a due process claim, amendment of the Complaint would be futile. Plaintiff's Complaint is, therefore, DISMISSED with prejudice.

## **CONCLUSION**

The Commissioner's Motion to Dismiss, ECF No. 16, is GRANTED. The action is dismissed with prejudice.


IT IS SO ORDERED.

DATED this  _11th_  day of October, 2019.

                                      _s/Michael J. McShane_____
                                          **Michael J. McShane**
                                      **United States District Judge**